UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BROAD COVERAGE SERVICE, et al.,

                Plaintiffs,

v.

ORISKA INSURANCE COMPANY, et al.,

                Defendants,

v.

ALLSTATE ASO INC., et al.,

                Third-Party Defendants.
----------------------------------------------------------X

**MEMORANDUM OPINION AND ORDER**

20-CV-11108 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiffs Broad Coverage Service, Inc. and Dynamic Claim Services, Inc. commenced an action against Oriska Insurance Company and Rashbi Management, Inc. ("Rashbi") in the Supreme Court of the State of New York, County of Rockland. On December 3, 2020, Rashbi filed a Third-Party Complaint asserting claims against Donna Hodge, Annette Hall, Karen Grant Williams, and Alexi Arias as the Class Representatives of a Class of Employees of Employer Defendants (collectively "Third-Party Defendants").[1] (Doc. 4, "Not. of Removal" ¶ 1). On January 5, 2021, the Third-Party Defendants removed the action to this Court. For the reasons that follow, this action is REMANDED to the state court from which it came.

## ANALYSIS

The Third-Party Defendants assert that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1441. (*Id.* ¶ 4). However, a recent Supreme Court decision, *Home Depot U. S. A.,*

---

[1] Rashbi asserted claims against other third parties that are not relevant at this time. (*See* Doc. 4-1).

*Inc. v. Jackson*, held that § 1441 does not permit a third-party defendant to remove a case to federal court. *See* 139 S. Ct. 1743, 1745-46, *reh'g denied*, 140 S. Ct. 17 (2019).

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants* . . . ." 28 U.S.C. § 1441(a) (emphasis added). The *Home Depot* Court held that "[c]onsidering the phrase 'the defendant or the defendants' in light of the structure of the statute and our precedent, we conclude that § 1441(a) does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim." *Home Depot*, 139 S. Ct. at 1748. The Court was unequivocal: "We hold that a third-party counterclaim defendant is not a 'defendant' who can remove under § 1441(a)." *Id.* at 1750.

Here, the Third-Party Defendants were not named in the original action and were first brought into the action on December 3, 2020 when Rashbi filed a third-party complaint asserting claims against the Third-Party Defendants. (Not. of Removal ¶ 1; Doc. 4-1). Because removal by a third-party defendant is plainly barred by binding case law, the Court remands this action to the state court from which it was removed

## CONCLUSION

For the foregoing reasons this case is REMANDED to the Supreme Court of the State of New York, County of Rockland. The Clerk is directed to send a copy of this Order to the Supreme Court of the State of New York, County of Rockland, and to close this action. All pending matters are hereby terminated.

SO ORDERED:

Dated: New York, New York
      January 11, 2021

_____
Philip M. Halpern
United States District Judge