UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BROAD COVERAGE SERVICE, et al.,

                Plaintiffs,

v.                                                  **MEMORANDUM OPINION AND ORDER**

ORISKA INSURANCE COMPANY, et al.,        20-CV-11108 (PMH)

                Defendants,

v.

ALLSTATE ASO INC., et al.,

                Third-Party Defendants.
----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

Plaintiffs Broad Coverage Service, Inc. and Dynamic Claim Services, Inc. ("Plaintiffs") commenced an action against Oriska Insurance Company and Rashbi Management, Inc. ("Rashbi") in the Supreme Court of the State of New York, County of Rockland. On December 3, 2020, Rashbi filed a Third-Party Complaint asserting claims against Donna Hodge, Annette Hall, Karen Grant Williams, and Alexi Arias as the Class Representatives of a Class of Employees of Employer Defendants (collectively "Third-Party Defendants").[1] (Doc. 4 ¶ 1). On January 5, 2021, the Third-Party Defendants filed a Notice of Removal, removing the action to this Court. This Court, in a Memorandum Opinion and Order dated January 11, 2021 (the "Remand Order"), remanded the action to state court finding, *inter alia*, that a third-party defendant is not permitted to remove a case to federal court under 28 U.S.C. § 1441(a). (Doc. 6).

---

[1] Rashbi asserted claims against other third parties as well (*see* Doc. 4-1), but those third parties are irrelevant to the Court's adjudication of the presently pending motion for reconsideration.

2

Thereafter, by motion dated January 25, 2021, the Third-Party Defendants moved for reconsideration of the Remand Order pursuant to Local Civil Rule 6.3. (Doc. 7; Doc. 7-1, "Mem. of Law"). On February 1, 2021, Plaintiffs filed opposition to the motion for reconsideration. (Doc. 9).

For the reasons that follow, the motion for reconsideration is DENIED.

## ANALYSIS

"A motion for reconsideration under Local Rule 6.3 is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Henderson v. Metro. Bank & Tr. Co*., 502 F. Supp. 2d 372, 375-76 (S.D.N.Y. 2007) (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)). It is appropriate to grant a motion for reconsideration only if the movant points to "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id*. (quoting *Doe v. New York City Dep't of Social Servs*., 709 F.2d 782, 789 (2d Cir. 1983)). Such a motion should be denied when "the movant 'seeks solely to relitigate an issue already decided,'" *id*. (quoting *Shrader v. CSX Transp. Inc*., 70 F.3d 255, 257 (2d Cir. 1995)), and should be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court," *id.* (quoting *DGM Invs., Inc. v. New York Futures Exch., Inc*., 288 F. Supp. 2d 519, 523 (S.D.N.Y. 2003)); *see also Murray v. Dutcavich*, No. 17-CV-9121, 2020 WL 3318212, at *1 (S.D.N.Y. June 18, 2020) ("Reconsideration is not a procedural mechanism used to re-examine a court's decision. Nor should a reconsideration motion be used to refresh failed arguments, advance new arguments to supplant failed arguments, or relitigate issues already decided."). The standard for granting reconsideration is "strict." *DGM Invs*., 288 F. Supp. 2d at 523 (quoting *Dellefave v. Access Temps.,*

*Inc.*, No. 99-CV-6098, 2001 WL 286771 (S.D.N.Y. Mar. 21, 2001)). "A motion to reconsider is not intended to give the losing party an opportunity to . . . introduce arguments . . . that could have been presented, but were not, in opposing the original motion." *Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum*, 948 F.2d. 111, 115 (2d Cir. 1991).

## ANALYSIS

The gravamen of the Third-Party Defendants' motion is that the Court's reliance on *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743 (2019) was misplaced because *Home Depot* presents an inapposite situation. The Court disagrees.

The Supreme Court in *Home Depot* held that, "§ 1441(a) does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim." *Home Depot*, 139 S. Ct. at 1748. Third-Party Defendants argue that they are not counterclaim defendants and thus *Home Depot* is not controlling. (Mem. of Law at 2). They argue, instead, that the Third-Party Defendants are the real party-in-interest to the operative pleading and thus should be permitted to remove the case under § 1441(a). (*Id.*). This Court rejects the Third-Party Defendants' attempts to complicate a straightforward inquiry.

As the Court held in *Home Depot*, when determining whether a federal court has original jurisdiction under § 1441(a) such that removal is permissible, the district court "should evaluate whether that action could have been brought originally in federal court . . . [which] requires a district court to evaluate whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction." *Id*. at 1748 (internal citations omitted). The action over which the district court must have "'original jurisdiction' is the action as defined by the plaintiff's complaint, 'the defendant' to that action is the defendant to that complaint . . . ." *Id*. Here, the Third-Party

Defendants were not defendants to the original action, and thus they are not "defendants" who can seek removal under § 1441(a). This conclusion is squarely in line with not only *Home Depot*, but other courts that have rejected third-party defendants' attempts to remove an action. *Id*. at 1750 ("[W]e hold that a third-party counterclaim defendant is not a 'defendant' who can remove under § 1441(a)."); *see also, e.g.*, *Casul v. Modell's NY II, Inc.*, No. 04-CV-7204, 2004 WL 2202581, at *2 (S.D.N.Y. Sept. 30, 2004) ("[C]ourts have routinely held that a third-party defendant may not remove under section 1441(a)." (collecting cases)).

Additionally, neither the original Complaint nor the Amended Complaint filed in the state court set forth any basis upon which federal court jurisdiction exists. That the Third-Party Defendants were first named in the Third-Party Complaint, which included causes of action under ERISA, is simply irrelevant to the question of whether the Third-Party Defendants can seek removal of the original state court action.

The Third-Party Defendants have pointed to no controlling case law that the Court overlooked and thus the motion for reconsideration is denied.

## CONCLUSION

For the foregoing reasons, the Third-Party Defendants' motion for reconsideration is DENIED. The Clerk of Court is directed to terminate the motion. (Doc. 7).

SO ORDERED:

Dated: White Plains, New York
      March 11, 2021

_____
Philip M. Halpern
United States District Judge